THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LEILA NAZARIO MARTÍNEZ, Defendant and Appellant.

SAME *v.* SAME.

Nos. 5823 and 5824.   Argued February 3, 1936.—Decided February 5, 1936.

A. *Lastra Charriez* and *Justo Casablanca* for appellant. *R. A. Gó mez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Leila Nazario de Martínez was convicted of voluntary manslaughter and of carrying a weapon and she appealed from both judgments to this court by notices of appeal filed on April 17, 1935. In order to perfect her appeals, she asked the court to direct the stenographer to prepare the transcript of the evidence, and the court so ordered.

On April 29, 1935, in his turn the stenographer requested the court to order the appellant to deposit with the clerk of the court $500 in the homicide case and $150 in the case of carrying a weapon, to secure the payment of his fees. The court granted this request also.

The appellant then moved the court to reconsider its last order and to declare her insolvent and entitled to obtain the transcript without cost. She set forth the grounds on which her application was based, and still that she had delivered to the stenographer $100 which was all that she could raise. The stenographer opposed this motion, which the court over-ruled, as the same was not properly verified.

Appellant asked for a reconsideration of that decision, and stated the reasons why the motion had been verified by the attorneys and not by the appellant herself, and exhibited an affidavit of appellant's mother, María Dolores, widow of Nazario, relating to the insolvency of the former. The court denied the reconsideration sought.

The notices of appeal were formulated as follows:

In the homicide case: ''The undersigned attorneys representing Leila Nazario appear before this Hon. Court and allege: 1. That in the instant case and as an incident of:

the proceedings, application was made to the Court to have Leila Nazario declared insolvent for the purpose of obtaining a transcript of the evidence introduced at the trial, and the Court has finally determined the question of insolvency by denying such application; said decision was rendered on the 10th of this instant June.—2. That feeling aggrieved by that decision which denies to the defendant Leila Nazario the right to defend *in forma pauperis,* she appeals from the same on a statement of the case to the Hon. Supreme Court of Puerto Rico.''

And in the prosecution for carrying a weapon: ''The undersigned attorneys representing Leila Nazario appear before this Hon. Court and allege: That in the instant case and as an incident of the proceedings application was made to the court to have Leila Nazario, the defendant, declared insolvent for the purpose of obtaining, free of charge, the transcript of the evidence introduced at the trial, and the court, in finally determining such question has denied said application and the reconsideration subsequently sought.— That feeling aggrieved by that decision, which denies to the defendant Leila Nazario the right to defend *in forma pauperis,* she appeals from the same to the Hon. Supreme Court of Puerto Rico.''

The appellant filed a single brief for both appeals, and after a day had been set for hearing the appeals on the merits, the stenographer requested that the same be dismissed, by a motion heard on the 3d of this instant February. As a basis for his motion, the stenographer set up the following:

''The appeals taken from an order which by itself is not appealable, as the order of June 11, 1935, which is transcribed on page 33 of the transcript of record, is one denying the reconsideration of the order of May 27, 1935 (p. 16 of the transcript of record), which order (that of May 27, 1935) denied the applications for leave to litigate *in forma pauperis* made by the appellant herself; in other words, it was not made without notice, and hence is not included within the exceptions to the general rule.''

And in the brief filed in support of his motion, he says:

"As there are three orders referring to the same question of insolvency, the date of the order, in accordance with the adjudicated cases should have been specified so that it could be identified. Without the date it is impossible to identify the order appealed from, and in this case it was all the more necessary to specify such date, since the last order, or that of June 1935, is not appealable for by that order the court refused to reconsider an order or decision which was in itself appealable. (Citations.)

"And this case is not comprised in the exception since the order which the appellant sought to have reconsidered, was the one whereby the court denied her application for leave to litigate *in forma pauperis*. The appealable order in the present case might have been the one dated May 27, 1935, by which the court denied the application for a declaration of insolvency made by the appellant; but is there anything in the notice of appeal to show that the appeal is taken from that order? Mention is made in the notice of appeal of an order rendered on June 10 whereas on that date the court did not make any order. Therefore, nothing appears in the notice of appeal which would lead us to think even for a moment that it was the intention of the appellant to appeal from the order of May 27, 1935."

There is no doubt that the notices of appeal were carelessly drafted and that they lend themselves to erroneous interpretations. However, the intention to appeal from the order of the trial court refusing leave to the appellant to prosecute *in forma pauperis* her appeals from the judgments of conviction of homicide and of carrying a weapon, appear so clearly that in our judgment it would be unjust to dismiss the appeals for specification of the order complained of.

The main order, that refusing leave to litigate *in forma pauperis*, was the one dated May 27, which is identical in both cases. Although in the motion for reconsideration it was sought on the one hand to justify before the trial court the lack of a direct verification by the appellant, in point of fact, it was also sought on the other hand to comply with the suggestion contained in its order of May 27, to wit: "The mother of the defendant could very well have verified this motion

in Mayagüez and file an affidavit in support thereof, and thus the court would have had a legal basis to exercise its discretion in such manner as the justice of the case required." We have already said that the motion was accompanied by an affidavit of appellant's mother, Mrs. María Dolores Rivera, widow of Nazario.

That being so, the orders of May 27 and those which followed denying the reconsideration of the former and ratifying the court's decision despite the new grounds adduced and the evidence submitted, might well be considered as one; and it may well be said that the appeals herein have been taken from the entire decision.

The motions to dismiss must be denied.